UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| JASMINE TURNER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00006-SNLJ |
| | ) | |
| BURGER KING CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion to remand (#10). Defendant has filed a response and the issue is ripe for determination. For the reasons stated below, this Court **GRANTS** plaintiff's motion and this matter is hereby **REMANDED** to the Circuit Court for Scott County, Missouri.

Defendant removed this case from state court pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), which requires the matter in controversy to involve parties of different states and an amount in controversy exceeding $75,000. Here, the only issue is the amount in controversy.

Plaintiff's state court complaint alleges a single count of negligence that did not include a specified amount of damages; instead, plaintiff sought "an amount that is fair and reasonable under the circumstances." Missouri Supreme Court Rules do not permit a specific amount of damages to be stated in a tort action except in determining proper jurisdictional authority. *See* Mo. S. Ct. R. 55.05 ("If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort,

1

no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable."). Defendant takes issue with the fact that plaintiff, by failing to allege any dollar amount, "failed to assert the jurisdictional minimum of $25,000.0 for Circuit Court cases in the State of Missouri." And, because plaintiff refused to amend her complaint to add "one simple line … stating 'plaintiff is seeking less than $75,000.00,'" defendant chose to remove this case to federal court. In total, defendant appears to have wanted an amended complaint that stated "plaintiff seeks more than $25,000 and less than $75,000," but plaintiff purportedly "ignored" this demand.

Because neither party budged in their position, both parties now seek sanctions for this case having ended up in federal court—plaintiff seeking fees and costs because of defendant's erroneous removal, and defendant seeking fees and costs because of plaintiff's refusal to amend her complaint to specifically say she is seeking less than $75,000.00. Neither party will be awarded sanctions, as both contributed to the current predicament.

In any event, this case will be remanded. A defendant seeking removal has the burden of establishing diversity jurisdiction. *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009). Defendant has not attempted to meet its burden whatsoever—resolved, instead, to complain only that it removed this case because plaintiff refused to amend her complaint, upon its demand, to say she is seeking less than $75,000.00. In fact, defendant candidly admits it has "no indication" as to the amount at issue in this case, but apparently chose to remove it anyway. Whatever strategy defendant may hope to employ

in using Rule 55.05 to force plaintiff to expressly cap her damages (or else face removal), that rule—being a rule applicable to state courts—has no bearing on this Court. *Bell* does not hold that defendant may point to Rule 55.05 and demand plaintiff amend his or her complaint to establish that removal is improper; to the contrary, *Bell* holds exactly the opposite—the burden lies squarely with defendant to prove removal is proper notwithstanding the specific allegations of the complaint. Simply put, defendant was required to come to this Court armed with some measure of evidence that the amount in controversy exceeds $75,000—rote speculation and guesswork is insufficient to carry that burden. *See Dalton v. Walgreens Co.,* 2013 WL 12129273 at *2 (E.D. Mo. Apr. 16, 2013). Having failed to do so, this matter is hereby remanded back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**, this case is **REMANDED** to the Circuit Court for Scott County, Missouri.

So ordered this 5th day of March 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE